UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CORTEZ WASHINGTON,
CDCR #AI-3100,

                              Plaintiff,

      vs.

WARDEN GUZMAN, et al.,

                              Defendants.

Case No.:  25cv2007-DMS (BLM)

**ORDER:**

**(1)  DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS WITH THE EXCEPTION OF THE RLUIPA, BANE ACT, AND FIRST AND FOURTH AMENDMENT CLAIMS AGAINST GUZMAN, and**

**(2)  PROVIDING PLAINTIFF WITH THE OPTION OF AMENDING OR PROCEEDING ONLY AGAINST DEFENDANT GUZMAN**

      Plaintiff Cortez Washington is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 17, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  (ECF No. 4.)  The Court found the Complaint failed to state a claim upon which relief could be granted, notified Plaintiff of its pleading deficiencies, and dismissed it with leave to amend.  (*Id*. at 5-11.)  Following an extension of time, Plaintiff has now filed a First Amended Complaint ("FAC").  (ECF No. 7.)

1

**I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.     Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

    **B.     Allegations in the FAC**

Plaintiff identifies himself as "an Ordained Christian Clergyman with sincerely held religious beliefs prohibiting: exposure of his naked body to members of the opposite sex;

public nudity outside marital context; sexualized viewing or recording of his unclothed body," all of which he identifies as central tenants of his faith. (ECF No. 7 at 3.) Plaintiff states that his work assignment requires daily movement through the prison work exchange area, during which he is subjected to daily routine strip searches before and after work, without individualized suspicion or privacy screens, under video surveillance, and in open areas in view of inmates and prison personnel, including female personnel. (*Id.* at 3-4.)

Plaintiff alleges Defendants Correctional Officers Leon, Martinez, Sousa, Avila, Rubio and John Does 1-8, have ordered him to fully disrobe, manipulate his genitals, spread his buttocks, and "perform exaggerated movements beyond security necessity." (*Id.*) He alleges they "made sexual, racial and degrading remarks, laughed and mocked Plaintiff during these searches," which were "malicious, excessive, retaliatory, and not related to legitimate penological interests." (*Id.*) As a result, he has "suffered severe humiliation, anxiety, emotional distress, and religious injury, including trauma flashbacks and the need for mental health treatment." (*Id.*) He claims that he is required to choose between a substantial burden on his religious beliefs or employment, and that:

> When Plaintiff questioned why he was being singled out, defendants stated that he was being singled out because he filed grievances and complaints, which constitutes an admission of retaliation. Plaintiff reported the abuse to supervisors, the facility captain, and warden Guzman. No corrective action was taken, and the abuse intensified. Due to the abuse, Plaintiff had to be removed from employment which hinders his rehabilitative efforts, and was given a CDCR 115 Rules Violation that made Plaintiff a C-status program failure that will hinder his release from prison board.

(*Id.* at 5.)

Plaintiff claims the Defendants' actions violated his right to the free exercise of his religion under the First Amendment (claim one), that their failure to use the least restrictive means to effect the purpose of the searches violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (claim two), the searches were unreasonable in violation of the Fourth Amendment (claim three), the searches were retaliatory in violation of the First Amendment (claim four), the sexual humiliation and abuse constituted cruel

25cv2007-DMS (BLM)

and unusual punishment in violation of the Eighth Amendment (claim five), Warden Guzman acting in his supervisory capacity failed to prevent the violations (claim six), and his rights were violated under state law. (ECF No. 7 at 6-7.) He names all Defendants in their individual and official capacities, and seeks a declaration of his rights, an injunction preventing video recording of the searches and requiring privacy partitions and same-sex searches, money damages, costs, a jury trial, and reversal of the prison disciplinary finding with restoration of lost custody credits. (*Id*. at 2, 7.)

### C.   Discussion

#### 1.  *Claim One – First Amendment Free Exercise*

To state a First Amendment claim for interference with religious activities, a prisoner must plausibly allege that an official took an action which: (a) "substantially burdens the person's practice of [his] religion" and (b) was not "reasonably related to legitimate penological interests." *Jones v. Williams*, 791 F.3d 1023, 1031-33 (9th Cir. 2015), quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 432, 248 (1987).

The Court previously instructed Plaintiff that to constitute a substantial burden, the alleged limitation on religious practice must impose "a 'significantly great' restriction or onus upon such exercise," and that he must alleges the lack of a legitimate penological interest in the searches. (ECF No. 4 at 5-6, quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) and citing *Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989) (the prevention and detection of contraband is a legitimate penological objective) and *Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (visual body-cavity inspections serve "significant and legitimate security interests of the institution.").)

Plaintiff claims that a substantial burden on the exercise of his religious practices exists because he is required to choose between obtaining the rehabilitative effects of prison employment and exercising his sincerely held religious belief not to be viewed naked by the opposite sex. He argues that even assuming there is a legitimate penological interest in searching inmates coming and going from the work area to the general population, the policy of female officers monitoring those searches is not the least restrictive means of

achieving that objective, and that there can be no legitimate penological justification for performing the searches with the abuse and humiliation to which he is subjected.

"A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotation marks omitted). Plaintiff has alleged that he has a sincerely held belief, rooted in religion, not to have his naked body viewed by members of the opposite sex. Plaintiff further alleges that Warden Guzman, in his supervisory capacity, failed to grant his request to modify the strip search policy to provide for modesty, and in so doing put substantial pressure on Plaintiff to modify his behavior to violate his beliefs by forcing him to submit to a strip search viewed by female officers if he wished to continue with his prison employment. These allegations are sufficient to survive the low threshold of passing screening for a First Amendment free exercise claim against Warden Guzman. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Lewis v. Soto*, 2017 WL 11469999, at *6 (C.D. Cal. 2017) (strip search of male inmate intentionally conducted by a female officer and in the presence of other inmates including male and female officers in violation of sincerely held religious objection to appearing naked in front of the opposite sex plausibly alleged a free exercise claim), citing *Dean v. Hazewood*, 2011 WL 4543080, at *4 (E.D. Cal. 2011) (same as to routine strip searches at the end of each work shift). Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and FAC against Defendant Warden Guzman. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

However, Plaintiff does not identify what action each remaining individual Defendant took to violate his free exercise right. He merely alleges: "Defendants subjected Plaintiff to routine strip searches," that: "Defendants ordered Plaintiff to fully disrobe;

25cv2007-DMS (BLM)

manipulate his genitals; spread his buttocks; and perform exaggerated movements beyond security necessity," and that: "Defendants made sexual, racial and degrading remarks, laughed and mocked Plaintiff during these searches," which were "malicious, excessive, retaliatory, and not related to legitimate penological interests." (ECF No. 7 at 4.) "As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. Inc. v. Blue Source Grp. Inc.*, 125 F.Supp.3d 945, 964 (N.D. Cal. 2015), quoting *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. 2011). "Accordingly, a complaint which 'lump(s) together . . . multiple defendants in one broad allegation fails to satisfy (the) notice requirement of Rule 8(a)(2).'" *Id.*, quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.") More fundamentally, there are no allegations that any Defendant, other than Warden Guzman, had the authority to alter the privacy aspects of the strip search policy which allegedly burdens the exercise of Plaintiff's beliefs, but alleges that while enforcing the policy they humiliated and harassed him. If Plaintiff wishes to proceed with a First Amendment free exercise claim against any other Defendant, he must set forth facts which plausibly allege they knew of his need for privacy and could have but deliberately refused to accommodate his request for privacy.

Accordingly, the First Amendment free exercise claim in the FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim as to all Defendants except Warden Guzman. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal,* 556 U.S. at 678.

### 2. *Claim Two – RULIPA*

Plaintiff alleges the policy of female officers monitoring strip searches of inmates coming and going from the work area to the general population violates RULIPA because performing them without a privacy option is not the least restrictive means of achieving

25cv2007-DMS (BLM)

the penological objective of the searches.  (ECF No. 7 at 6.)  RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling governmental interest." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015), quoting 42 U.S.C. § 2000cc–1(a).  "To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise."  *Id.*, quoting *Shakur v. Schriro*, 514 F.3d 878, 888-89 (9th Cir. 2008).  To constitute a substantial burden, the alleged limitation on religious practice must impose "a 'significantly great' restriction or onus upon such exercise." *San Jose Christian Coll.*, 360 F.3d at 1034.  "RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest." *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (internal quote marks omitted).

RLUIPA does not allow a plaintiff to recover damages, only injunctive relief. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).  A RLUIPA claim may not be maintained against prison officials in their individual capacities; the proper defendant is an official sued in their official capacity.  *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2004) ("[T]here is nothing in the language or structure of RLUIPA to suggest that Congress contemplated liability of government employees in an individual capacity.... If an individual acts under color of state law to burden a plaintiff's rights to religious exercise, the plaintiff can sue the government. The statute does not authorize suits against a person in anything other than an official or government capacity, ...")  Plaintiff has plausibly alleged that Warden Guzman, in his official capacity, has placed a substantial burden on the practice of his religion by refusing to provide less restrictive means to conduct the strip searches so that his naked body is not viewed by female personnel, and seeks to enjoin that

practice.   These allegations are sufficient to survive the low threshold of passing screening for a RLUIPA claim against Warden Guzman in his official capacity.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

### 3.  *Claim Three – Fourth Amendment Unreasonable Search*

Plaintiff claims the searches were unreasonable in violation of the Fourth Amendment.  (ECF No. 7 at 6.)  The Fourth Amendment protects against unreasonable searches, and "its protections are not extinguished upon incarceration." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993), citing *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988) (prisoners retain a limited right to bodily privacy which is not violated by routine body cavity searches when leaving or returning to their housing unit).  The analysis for a Fourteenth Amendment bodily privacy claim "largely mirrors" a Fourth Amendment analysis.  *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017).

Strip searches of prisoners are constitutional if they are reasonable.  *See Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).  Strip-search procedures are not reasonable if they are abusive, vindictive, harassing, or unrelated to any legitimate penological interest.  *Michenfelder*, 860 F.2d at 332, citing *Wolfish*, 441 U.S. at 559.  The Court must consider the following factors in assessing the reasonableness of the strip search policy: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives," or whether the rule at issue is an "exaggerated response to prison concerns." *Turner v. Safley*, 482 U.S. 79, 89-90 (1987).  Whether a search is reasonable under the Fourth Amendment requires a case-by-case balancing of the need for the particular search against the invasion of personal rights that the search entails, and courts are required to consider such factors as (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is

25cv2007-DMS (BLM)

conducted. *Byrd v. Maricopa County Sheriff's Dep.*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc). The *Byrd* court recognized there are special concerns associated with cross-gender searches in applying the *Turner* balancing test, considering such things as intimate contact and touching of genitals, the lack of an emergency, how many inmates and officers viewed the searches, if they were videotaped, the lack of justification for the cross-gender search as opposed to the routine justification for any search. *Id*. at 1142-43.

Plaintiff has plausibly alleged his twice-daily routine strip searches, during which he was viewed by inmates and prison officers, some of whom are female, and monitored or recorded on video, all without any effort to accommodate even the most modest privacy concerns, and during which he was subjected to unnecessary humiliation and abuse, were unreasonable within the meaning of the Fourth Amendment. These allegations are sufficient to survive the low threshold of passing screening for a Fourth Amendment unreasonable search claim against Warden Guzman in his individual capacity, as he is alleged, through complaints or grievances, to have known of and refused to alter the manner in which the searches were conducted. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Plaintiff has not identified in the FAC which other Defendants took what actions which rendered the searches unreasonable, but as noted above lumps all remaining Defendants in together which makes it difficult, if not impossible, for the individual Defendants to respond to the allegations in the FAC. *Adobe Sys. Inc.*, 125 F.Supp.3d at 964; *Gen-Probe, Inc.*, 926 F. Supp. at 961 ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.") Although the Court noted in its prior dismissal order that the original complaint included detailed allegations against the Defendants (*see* ECF No. 4 at 4-5), Plaintiff was instructed that his amended complaint must be complete in itself without reference to the prior version of his complaint (*id*. at 12), and the Court will not consider any allegations from the original Complaint which are not included in the FAC. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.") To the extent Plaintiff

25cv2007-DMS (BLM)

intended the exhibits attached to the FAC to substitute for factual allegations against any Defendant, he may not do so, as he must include all factual allegations in his complaint. *See Arnold v. Hearst Magazine Media, Inc.*, No. 19cv1969-JAH (MDD), 2020 WL 3469367, at *8 (S.D. Cal. 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.")

Accordingly, Plaintiff's Fourth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim as to all Defendants except Warden Guzman. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 4. *Claim Four – Retaliation*

Plaintiff claims "he was being singled out because he filed grievances and complaints, which constitutes an admission of retaliation." (ECF No. 7 at 5.) "Prisoners have a First Amendment right to file grievances against prison officials," *Watison*, 668 F.3d at 1114, and retaliation against a prisoner for filing grievances is an independent constitutional violation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act). An inmate must allege a specific causal link between a defendant's retaliatory conduct and the exercise of a constitutional right. *Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995). Because direct evidence of retaliatory intent is "rarely" available, *Watison*, 668 F.3d at 1114, a plaintiff may do so either with direct evidence of a defendant's retaliatory motive,

or with circumstantial evidence of the defendant's knowledge of the protected conduct plus some other evidence of retaliatory intent, such as "(1) proximity in time between protected speech and the alleged retaliation; (2) (that) the (defendant) expressed opposition to the speech; (or) (3) other evidence that the reasons proffered by the (defendant) for the adverse . . . action were false and pretextual." *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011).

The only allegations in the FAC that any defendant took any adverse action because of Plaintiff's complaints or prison grievances, or that they were a substantial or motivating factor in the decision to abuse and humiliate him during the searches, include:

> When Plaintiff questioned why he was being singled out, defendants stated that he was being singled out because he filed grievances and complaints, which constitutes an admission of retaliation. Plaintiff reported the abuse to supervisors, the facility captain, and warden Guzman. No corrective action was taken, and the abuse intensified. Due to the abuse, Plaintiff had to be removed from employment which hinders his rehabilitative efforts, and was given a CDCR 115 Rules Violation that made Plaintiff a C-status program failure that will hinder his release from prison board.

(*Id.* at 5.)

Prison officials may not retaliate against prisoners for filing grievances. *Bruce v. Ylst*, 351 F.3d 1283, 1289-90 (9th Cir. 2003). As with the previous claim, Plaintiff does identify which Defendant told him he was being singled out for humiliating treatment due to filing grievances and complaints. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") If Plaintiff wishes to proceed with a retaliation claim, he must set forth factual allegations identifying what action each Defendant took which he contends was retaliatory and the protected activity which triggered the retaliation.

The First Amendment retaliation claim in the FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

25cv2007-DMS (BLM)

5. *Claim Five – Cruel and Unusual Punishment*

Plaintiff claims the Defendants caused him to suffer cruel and unusual punishment in violation of the Eighth Amendment by requiring him to "perform exaggerated movements beyond security necessity," and when they "made sexual, racial and degrading remarks, laughed and mocked Plaintiff during these searches." (ECF No. 7 at 4, 6.) "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.,* quoting *Wilson*, 501 U.S. at 302-03. "An objectively serious deprivation is a denial of 'the minimal civilized measures of life's necessities.'" *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

"[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). "Although the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the latter to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004), *citing Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000). Thus, Plaintiff must allege "that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020); *see also Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012) (an allegation that a correctional officer sexually touched and harassed prisoner during a strip search "in a manner designed to demean and humiliate" can state a claim).

The allegations in the FAC that Defendants required Plaintiff to perform exaggerated movements, made sexual, racial and degrading remarks, and laughed and mocked him during the searches, but never touched him, fail to plausibly allege an Eighth Amendment violation. *Bearchild*, 947 F.3d at 1144; *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); *id*. at 622-24 (Eighth Amendment did not prohibit female guards from performing visual body cavity searches on male inmates or watching male inmates shower, even where guards allegedly pointed, joked, and "gawked" at inmate); *Wilson v. Soto*, 2016 WL 825194, at *5 (C.D. Cal. Jan. 21, 2016) (allegations of strip search in the presence of other inmates and female officers insufficient to state an Eighth Amendment claim), report and recommendation adopted, 2016 WL 827747 (C.D. Cal. Mar. 2, 2016); *Austin*, 367 F.3d at 1171 ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.") (citations omitted); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.")

Because there are no allegations in the FAC that any Defendant touched Plaintiff in a sexual manner, Plaintiff has failed to state an Eighth Amendment claim. The Eighth Amendment cruel and unusual punishment claim in the FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 6.  Claim Six – Supervisor Liability

Plaintiff seeks to hold Defendant Warden Guzman liable as a supervisor, claiming that: "Warden Guzman knowingly failed to correct ongoing constitutional violations." (ECF No. 7 at 6.) "A supervisory official is liable under § 1983 so long as there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a

25cv2007-DMS (BLM)

sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks omitted).  A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).  The FAC plausibly alleges Warden Guzman was aware through Plaintiff's inmate grievance of the allegedly unreasonable manner in which the strip searches were conducted and is responsible for the implementation of the strip search policy which does not provide for screening Plaintiff's naked body from view of female staff, but failed to correct that alleged constitutional violation.  As set forth above, these allegations are sufficient to survive the low threshold of passing screening against Warden Guzman in his individual capacity as to the First and Fourth Amendment claims, and are also sufficient to state a claim for supervisory liability.  *Keates*, 883 F.3d at 1243; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 67.

### 7.  Claim Seven – State Law Violations

Plaintiff invites the Court to exercise supplemental jurisdiction over state law claims for violations of the Bane Act (California Civil Code § 52.1), and California Code of Regulations, Title 15 §§ 3007, 3267, 3287.  (ECF No. 7 at 7.)

To state a claim under California's Bane Act, Plaintiff must plausibly allege "intentional interference or attempted interference with a state or federal constitutional or legal right," and that "the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015); *see Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (noting that the Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'"), quoting Cal. Civ. Code § 52.1. For the reasons discussed above, Plaintiff has plausibly alleged that Defendant Guzman has failed to modify the search policy to protect Plaintiff's sincerely held religious belief

14

in not being viewed naked by members of the opposite sex and thereby has coerced or intimidated him into forgoing the rehabilitative effects of prison employment. *See e.g. Guillen v. Carrillo*, 2022 WL 902883, at *9 (E.D. Cal. Mar. 28, 2022) (facts supporting a First Amendment claim also support a Bane Act Claim); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.")

However, a pleading requirement of a Bane Act claim is presentation of the claim to the California Victim Compensation and Government Claims Board, and the Board must have acted on the claim, or a showing of circumstances excusing compliance. *See Gleason v. Cal. Dep't of Corr. & Rehab.*, 2020 WL 3411390, at *2 (E.D. Cal. 2020) ("Compliance with this 'claim presentation requirement' or, circumstances excusing compliance, constitutes an element of a cause of action for damages against a public entity or official."), citing *State of California v. Superior Court*, 32 Cal.4th 1234, 1244 (2004) and *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988) (state tort claims included in a federal civil rights action may not proceed if they were not first presented to the state in compliance with the claim presentation requirement.) There is no indication in the FAC that Plaintiff has complied with the presentation requirement. The Court will accept supplemental jurisdiction over Plaintiff's Bane Act claim if he amends his FAC to allege compliance with the claim presentation requirement.

The Court will not accept supplemental jurisdiction over Plaintiff's claims under California Code of Regulations, Title 15, §§ 3007, 3267, 3287, because there is no private cause of action available under those provisions. *See Davis v. Powell*, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations.")

25cv2007-DMS (BLM)

**D.    Plaintiff's Options**

Because the Court has determined that Plaintiff's claims against Defendant Warden Guzman survive the *sua sponte* screening process but the remaining claims against the remaining Defendants do not, Plaintiff is given the opportunity to (1) notify the Court of his intent to proceed only with the First Amendment free exercise and Fourth Amendment unreasonable search claims against Warden Guzman in his individual capacity, and the RLUIPA claim in his official capacity; or (2) file a Second Amended Complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order. **Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed.** If Plaintiff notifies the Court he wishes to proceed only with his claims against Defendant Warden Guzman, the Court will issue an Order directing the Clerk to issue the summons and direct the U.S. Marshal to effect service of the summons and FAC on Defendant Warden Guzman, and all remaining claims and Defendants will remain dismissed from this action.

**II.    Conclusion and Orders**

Based on the foregoing, the Court:

1)    **DISMISSES** all claims against all Defendants in the First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of the First Amendment free exercise claim, the Fourth Amendment unreasonable search claim, and the RLUIPA claim against Defendant Warden Guzman.

2)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed only with the First Amendment free exercise claim, the Fourth Amendment unreasonable search claim and the RLUIPA claim against Defendant Warden Guzman; or (2) file a Second Amended Complaint correcting any or all of the deficiencies of pleading identified by the Court in this Order. The Second Amended Complaint must be complete in itself without reference to any prior pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint

25cv2007-DMS (BLM)

will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

Dated: April 13, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv2007-DMS (BLM)