UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CORTEZ WASHINGTON,
CDCR #AI-3100,

Plaintiff,

vs.

WARDEN GUZMAN,

Defendant.

Case No.: 25cv2007-DMS-JAC

**ORDER:**

**(1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS EXCEPT DEFENDANT GUZMAN, and**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND SECOND AMENDED COMPLAINT ON DEFENDANT GUZMAN PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)**

Plaintiff Cortez Washington is a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. On November 17, 2025, the Court screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 4.) The Court found the Complaint failed to state a claim upon which relief could be granted, notified Plaintiff of its pleading deficiencies, and dismissed it with leave to amend. (*Id*. at 5-11.) On February 20, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 7.)

1

On April 13, 2026, the Court screened the FAC, found that it plausibly alleged claims against Defendant Guzman but not against any other Defendant, and provided Plaintiff with the option of amending or proceeding only against Guzman.  (ECF No. 8.)  Plaintiff has now filed a Second Amended Complaint ("SAC").  (ECF No. 10.)

## I.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B.    Allegations in the FAC

Plaintiff identifies himself as "an Ordained Christian Clergyman with sincerely held religious beliefs prohibiting: exposure of his naked body to members of the opposite sex; public nudity outside marital context; sexualized viewing or recording of his unclothed body," all of which he identifies as central tenants of his faith.  (ECF No. 10 at 3.)  Plaintiff states that his work assignment requires daily movement through the prison work exchange area, during which he is subjected to daily routine strip searches before and after work,

without individualized suspicion or privacy screens, under video surveillance, and in open areas in view of inmates and prison personnel, including female personnel. (*Id*. at 3-4.)

Plaintiff alleges Defendants Correctional Officers Leon, Martinez, Sousa, Avila and Rubio have routinely ordered him to fully disrobe in front of persons of the opposite gender over his objections, made "inappropriate remarks about Plaintiff's penis and religion," and "used verbal, sexual and racially degrading remarks." (*Id*. at 4-5.) He was forced to "swipe his genitals with his hands and then place his hands in his mouth for mouth checks," and spread his buttocks, all of which resulted in trauma for which he is seeking mental health treatment. (*Id*. at 5.) "Plaintiff asked Defendants why he was being singled out which Defendants Martinez, Sousa, Rubio, Leon stated: because people like you write 602's and tell our supervisors." (*Id*. at 6.)

Plaintiff claims the Defendants' actions violated his right to the free exercise of his religion under the First Amendment (claim one), that their failure to use the least restrictive means to effect the purpose of the searches violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (claim two), the searches were unreasonable in violation of the Fourth Amendment (claim three), the sexual humiliation and abuse constituted cruel and unusual punishment in violation of the Eighth Amendment (claim four), the searches were retaliatory in violation of the First and Fourteenth Amendments (claim five), Warden Guzman acting in his supervisory capacity failed to prevent the violations (claim six), and his rights were violated under state law. (*Id*. at 7-8.)

### C.    Discussion

#### 1. *Claim One – First Amendment Free Exercise*

To state a First Amendment claim for interference with religious activities, a prisoner must plausibly allege that an official took an action which: (a) "substantially burdens the person's practice of [his] religion" and (b) was not "reasonably related to legitimate penological interests." *Jones v. Williams*, 791 F.3d 1023, 1031-33 (9th Cir. 2015), quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 432, 248 (1987). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to

modify his behavior and to violate his beliefs." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotation marks omitted).

Plaintiff has alleged that he has a sincerely held belief, rooted in religion, not to have his naked body viewed by members of the opposite sex. He further alleges that Warden Guzman, in his supervisory capacity, failed to grant his request to modify the strip search policy to provide for modesty, and in so doing put substantial pressure on Plaintiff to modify his behavior to violate his beliefs by forcing him to submit to a strip search viewed by female officers if he wished to continue with his prison employment. These allegations are sufficient to survive the low threshold of passing screening for a First Amendment free exercise claim against Warden Guzman. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Lewis v. Soto*, 2017 WL 11469999, at *6 (C.D. Cal. 2017) (strip search of male inmate intentionally conducted by a female officer and in the presence of other inmates including male and female officers in violation of sincerely held religious objection to appearing naked in front of the opposite sex plausibly alleged a free exercise claim), citing *Dean v. Hazewood*, 2011 WL 4543080, at *4 (E.D. Cal. 2011) (same as to routine strip searches at the end of each work shift). Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and SAC against Defendant Warden Guzman. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

Plaintiff once again fails to identify what action each remaining Defendant took to violate his free exercise right. Defendants Correctional Officers Leon, Martinez, Sousa, Avila and Rubio are alleged to have routinely ordered him to fully disrobe in front of persons of the opposite gender over his objections, made "inappropriate remarks about Plaintiff's penis and religion," and "used verbal, sexual and racially degrading remarks." (ECF No. 10 at 4-5.) Plaintiff groups these Defendants together as engaging in that alleged conduct, but does not identify who made each remark or when they were made. Plaintiff

25cv2007-DMS-JAC

was instructed in the prior dismissal order (*see* ECF No. 8 at 6), that "[a]s a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. Inc. v. Blue Source Grp. Inc.*, 125 F.Supp.3d 945, 964 (N.D. Cal. 2015), quoting *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. 2011). "Accordingly, a complaint which 'lump(s) together . . . multiple defendants in one broad allegation fails to satisfy (the) notice requirement of Rule 8(a)(2).'" *Id.*, quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.") Plaintiff has failed to cure that defect of pleading. Even if he could, he was also informed that he failed to allege that any Defendant, other than Warden Guzman, had the authority to alter the privacy aspects of the strip search policy which allegedly burdens the exercise of his beliefs, and was instructed that he must set forth facts which plausibly allege these Defendants knew of, and could have but deliberately refused to accommodate, his request for privacy. (ECF No. 8 at 6.) Plaintiff has not cured that defect of pleading in the SAC. Although he alleges he informed these Defendants of his privacy requests (ECF No. 10 at 4), there are once again no allegations they were in a position to accommodate them. Because it is now clear he is unable to cure this pleading defect, the First Amendment claims against all Defendants other than Guzman are dismissed without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

Accordingly, the First Amendment free exercise claim in the SAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim without further leave to amend as to all Defendants except Warden Guzman. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678; *Schmier*, 279 F.3d at 824.

/ / /

/ / /

## 2. *Claim Two – RULIPA*

Plaintiff alleges the policy of female officers monitoring strip searches of inmates coming and going from the work area to the general population violates RULIPA because performing them without a privacy option is not the least restrictive means of achieving the penological objective of the searches. (ECF No. 10 at 6.) RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling governmental interest." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015), quoting 42 U.S.C. § 2000cc–1(a). "To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise." *Id.*, quoting *Shakur v. Schriro*, 514 F.3d 878, 888-89 (9th Cir. 2008). To constitute a substantial burden, the alleged limitation on religious practice must impose "a 'significantly great' restriction or onus upon such exercise." *San Jose Christian Coll.*, 360 F.3d at 1034. "RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest." *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (internal quote marks omitted).

RLUIPA does not allow a plaintiff to recover damages, only injunctive relief. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). A RLUIPA claim may not be maintained against prison officials in their individual capacities; the proper defendant is an official sued in their official capacity. *Landor v. Louisiana Department of Corrections and Public Safety*, 600 U.S. ___, ___, 2026 WL 1791277, at *6 (2006); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2004). Plaintiff has plausibly alleged that Warden Guzman, in his official capacity, has placed a substantial burden on the practice of his religion by refusing to provide less restrictive means to conduct the strip searches so that his naked body is not

viewed by female personnel, and seeks to enjoin that practice.  (ECF No. 10 at 8.)  These allegations are sufficient to survive the low threshold of passing screening for a RLUIPA claim against Warden Guzman in his official capacity.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.  Plaintiff has not, and it is now clear that he cannot, state a RLUIPA claim against any other Defendant.

Accordingly, the RLUIPA claim in the SAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim without further leave to amend as to all Defendants except Warden Guzman in his official capacity.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678; *Schmier*, 279 F.3d at 824.

### 3.  *Claim Three – Fourth Amendment Unreasonable Search*

Plaintiff claims the searches were unreasonable in violation of the Fourth Amendment.  (ECF No. 10 at 7.)  The Fourth Amendment protects against unreasonable searches, and "its protections are not extinguished upon incarceration." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993), citing *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988) (prisoners retain a limited right to bodily privacy which is not violated by routine body cavity searches when leaving or returning to their housing unit).  The analysis for a Fourteenth Amendment bodily privacy claim "largely mirrors" a Fourth Amendment analysis.  *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017).

Strip searches of prisoners are constitutional if they are reasonable.  *See Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).  Strip-search procedures are not reasonable if they are abusive, vindictive, harassing, or unrelated to any legitimate penological interest.  *Michenfelder*, 860 F.2d at 332, citing *Wolfish*, 441 U.S. at 559.  The Court must consider the following factors in assessing the reasonableness of the strip search policy: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) the "absence of ready

alternatives," or whether the rule at issue is an "exaggerated response to prison concerns." *Turner v. Safley*, 482 U.S. 79, 89-90 (1987).  Whether a search is reasonable under the Fourth Amendment requires a case-by-case balancing of the need for the particular search against the invasion of personal rights that the search entails, and courts are required to consider such factors as (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted.  *Byrd v. Maricopa County Sheriff's Dep.*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc).  The *Byrd* court recognized there are special concerns associated with cross-gender searches in applying the *Turner* balancing test, considering such things as intimate contact and touching of genitals, the lack of an emergency, how many inmates and officers viewed the searches, if they were videotaped, the lack of justification for the cross-gender search as opposed to the routine justification for any search.  *Id*. at 1142-43.

Plaintiff has plausibly alleged his routine strip searches, during which he was viewed by inmates and prison officers, some of whom are female, and monitored or recorded on video, all without any effort to accommodate even the most modest privacy concerns, and during which he was subjected to unnecessary humiliation and abuse, were unreasonable within the meaning of the Fourth Amendment.  These allegations are sufficient to survive the low threshold of passing screening for a Fourth Amendment unreasonable search claim against Warden Guzman in his individual capacity, as he is alleged to have known of and refused to alter the manner in which the searches were conducted despite having the authority to do so.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.  Plaintiff has not identified in the SAC any other Defendant who took actions which rendered the searches unreasonable.  Rather, as noted above and in the Court's prior dismissal order, he lumps the remaining Defendants together as having made the harassing comments without specific allegations, which makes it difficult, if not impossible, for the individual Defendants to respond to the allegations in the SAC.  *Adobe Sys. Inc.*, 125 F.Supp.3d at 964; *Gen-Probe, Inc.*, 926 F. Supp. at 961 ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file

25cv2007-DMS-JAC

an amended complaint.")  In addition, as noted, the SAC, like the prior versions of the complaint, fails to include any allegations that any Defendant other than Warden Guzman had the authority to alter the manner in which the searches were conducted, merely that the other Defendants made degrading and humiliating comments during the searches which Plaintiff primarily contends were humiliating due to the lack of privacy.  Plaintiff alleges he complained to Defendants John Does 1-2 (ECF No. 10 at 5), but there are no allegations these Defendants had authority over the manner in which the searches were conducted. Because Plaintiff has been repeatedly instructed on these same pleading defects and has failed to cure them in the SAC, the Fourth Amendment unreasonable search claim is dismissed without further leave to amend as to all Defendants except Guzman.  *Schmier*, 279 F.3d at 824.

Accordingly, Plaintiff's Fourth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without further leave to amend for failure to state a claim as to all Defendants except Warden Guzman.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Schmier*, 279 F.3d at 824.

4. *Claim Four – Eighth Amendment Cruel and Unusual Punishment*

Plaintiff claims the Defendants caused him to suffer cruel and unusual punishment in violation of the Eighth Amendment with embarrassing and degrading verbal harassment which caused him fear and anxiety.  (ECF No. 10 at 7.)  "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights.  *Id.*, quoting *Wilson*, 501 U.S. at 302-03.  "An objectively serious deprivation is a denial of 'the minimal civilized measures of life's necessities.'"  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

/ / /

25cv2007-DMS-JAC

"[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). "Although the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the latter to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004), *citing Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000). Thus, to state a claim for sexual harassment, Plaintiff must allege "that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020); *see also Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012) (an allegation that a correctional officer sexually touched and harassed prisoner during a strip search "in a manner designed to demean and humiliate" can state a claim).

As Plaintiff has twice been instructed (*see* ECF No. 4 at 11; ECF No. 8 at 13), the allegations that Defendants made sexual and degrading remarks but never touched him fail to plausibly allege an Eighth Amendment violation. *Bearchild*, 947 F.3d at 1144; *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); *id.* at 622-24 (Eighth Amendment did not prohibit female guards from performing visual body cavity searches on male inmates or watching male inmates shower, even where guards allegedly pointed, joked, and "gawked" at inmate); *Wilson v. Soto*, 2016 WL 825194, at \*5 (C.D. Cal. Jan. 21, 2016) (allegations of strip search in the presence of other inmates and female officers insufficient to state an Eighth Amendment claim), report and recommendation adopted, 2016 WL 827747 (C.D. Cal. Mar. 2, 2016); *Austin*, 367 F.3d at 1171 ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison

guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.") (citations omitted); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.")

Even assuming the degrading comments could possibly rise to the level of an Eighth Amendment violation, *see e.g. Keenan*, 83 F.3d at 1092 (a claim based on verbal harassment can succeed if the offending comments were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage."), Plaintiff was previously informed that he was required to identify which Defendant made which comment (ECF No. 8 at 6), but continues to fail to do so in the SAC. Plaintiff has been informed of these pleading defects and has failed to cure them in the SAC, and it is now clear he is unable to state an Eighth Amendment claim.

Accordingly, the Eighth Amendment cruel and unusual punishment claim in the SAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim without further leave to amend. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Schmier*, 279 F.3d at 824.

### 5. *Claim Five – Retaliation*

Plaintiff claims Defendants Martinez, Sousa, Rubio, Leon and Avila "retaliated against Plaintiff as described in this complaint for protected conduct." (ECF No. 10 at 7.) "Prisoners have a First Amendment right to file grievances against prison officials," *Watison*, 668 F.3d at 1114, and retaliation against a prisoner for filing grievances is an independent constitutional violation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

11

Plaintiff must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act). To do so, an inmate must allege a specific causal link between a defendant's retaliatory conduct and the exercise of a constitutional right. *Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995). Because direct evidence of retaliatory intent is "rarely" available, *Watison*, 668 F.3d at 1114, a plaintiff may do so either with direct evidence of a defendant's retaliatory motive, or with circumstantial evidence of the defendant's knowledge of the protected conduct plus some other evidence of retaliatory intent, such as "(1) proximity in time between protected speech and the alleged retaliation; (2) (that) the (defendant) expressed opposition to the speech; (or) (3) other evidence that the reasons proffered by the (defendant) for the adverse . . . action were false and pretextual." *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011).

The only allegations in the FAC that any defendant took any adverse action because of Plaintiff's complaints or prison grievances, or that they were a substantial or motivating factor in the decision to abuse and humiliate him during the searches, include that when Plaintiff questioned why he was being singled out, "Defendants Martinez, Sousa, Rubio, Leon stated: because people like you write 602's and tell our supervisors." (ECF No. 10 at 6.) Prison officials may not retaliate against prisoners for filing grievances. *Bruce v. Ylst*, 351 F.3d 1283, 1289-90 (9th Cir. 2003). However, Plaintiff fails to identify which Defendant told him he was being singled out for humiliating treatment due to filing which grievance. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Plaintiff has twice been informed of this same pleading deficiency, and was informed that if he wished to proceed with a retaliation claim he must set forth factual allegations identifying what action each Defendant took which he contends was retaliatory

12

and the protected activity which triggered the retaliation. (ECF No. 4 at 6-7; ECF No. 8 at 11.) Assuming Plaintiff refers to the grievance he filed with the Warden complaining of the searches as the motivation for the other Defendants' harassing and vulgar comments, the SAC again fails to include specific factual allegations as which Defendant made which comments. Plaintiff also once again fails to allege the searches themselves were conducted out of retaliation for that grievance, as he has consistently referred to the searches as routine. *See Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard.)

The First Amendment retaliation claim in the FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without further leave to amend for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Schmier*, 279 F.3d at 824.

### 6. Claim Six – Supervisor Liability

Plaintiff seeks to hold Defendant Warden Guzman liable as a supervisor, claiming that: "Warden Guzman knowingly failed to correct ongoing constitutional violations." (ECF No. 10 at 8.) "A supervisory official is liable under § 1983 so long as there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

The SAC plausibly alleges Warden Guzman was aware of the manner in which the strip searches were conducted and is responsible for the implementation of the strip search policy but failed to correct the alleged constitutional violations as set forth above. The

SAC survives the low threshold of screening for supervisory liability against Guzman. *Keates*, 883 F.3d at 1243; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1123.

### 7. Claim Seven – State Law Violations

Plaintiff once again invites the Court to exercise supplemental jurisdiction over state law claims for violations of the Bane Act (California Civil Code § 52.1), and California Code of Regulations, Title 15 §§ 3007, 3267, 3287. (ECF No. 10 at 7.)

To state a claim under California's Bane Act, Plaintiff must plausibly allege "intentional interference or attempted interference with a state or federal constitutional or legal right," and that "the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015); *see Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (noting that the Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'"), quoting Cal. Civ. Code § 52.1. For the reasons discussed above, Plaintiff has plausibly a First Amendment claim, and has therefore alleged a Bane Act claim. *See e.g. Guillen v. Carrillo*, 2022 WL 902883, at *9 (E.D. Cal. Mar. 28, 2022) (facts supporting a First Amendment claim also support a Bane Act Claim); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.")

However, a pleading requirement of a Bane Act claim is presentation of the claim to the California Victim Compensation and Government Claims Board, and the Board must have acted on the claim, or a showing of circumstances excusing compliance. *See Gleason v. Cal. Dep't of Corr. & Rehab.*, 2020 WL 3411390, at *2 (E.D. Cal. 2020) ("Compliance with this 'claim presentation requirement' or, circumstances excusing compliance,

constitutes an element of a cause of action for damages against a public entity or official."), citing *State of California v. Superior Court*, 32 Cal.4th 1234, 1244 (2004) and *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988) (state tort claims included in a federal civil rights action may not proceed if they were not first presented to the state in compliance with the claim presentation requirement.)  The Court indicated it would accept supplemental jurisdiction over Plaintiff's Bane Act claim if he amended to allege compliance with the claim presentation requirement.  (ECF No. 8 at 15.) However, there is no indication in the SAC that Plaintiff has complied with the presentation requirement.  Rather, he merely alleges he has exhausted administrative remedies through the prison grievance procedures.  (ECF No. 10 at 6.)  The Court will therefore not at this time accept supplemental jurisdiction over a Bane Act claim.

The Court will not accept supplemental jurisdiction over Plaintiff's claims under California Code of Regulations, Title 15, §§ 3007, 3267, 3287, because there is no private cause of action available under those provisions.  *See Davis v. Powell*, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations.")

**II.    Conclusion and Orders**

Based on the foregoing, the Court:

1.    **DISMISSES** all claims against all Defendants in the Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without further leave to amend with the exception of the First Amendment free exercise claim, the Fourth Amendment unreasonable search claim, and the RLUIPA claim against Defendant Warden Guzman.

2.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint (Doc. No. 10) for Defendant Guzman and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant.  The Clerk will provide Plaintiff with certified copies of his Second Amended Complaint and the summons so that he may serve the Defendant.  Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete

the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the form to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3.    **ORDERS** the U.S. Marshal to serve a copy of the Second Amended Complaint and summons upon Defendant Guzman as directed by Plaintiff on the USM Form 285 provided to him.  All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.    **ORDERS** Defendant, once served, to reply to Plaintiff's Second Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendant is required to respond).

5.    **ORDERS** Plaintiff, after service of the summons and Second Amended Complaint, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or Defendant's counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: July 6, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv2007-DMS-JAC